UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RACHAEL WATSON,

    Plaintiff,

vs.                                    Case No.:

ROLLINS RANCHES, LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RACHAEL WATSON ("Plaintiff"), hereby files this Complaint against Defendant, ROLLINS RANCHES, LLC ("ROLLINS"), a Foreign Limited Liability Company, and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The Defendant in this case violated the FLSA by failing to pay Plaintiff the proper minimum wage and overtime compensation for all hours worked.

3. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b) and 29 U.S.C. §206 and §207.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Okeechobee

County, Florida.

5. Plaintiff is currently a resident of Lancaster County, South Carolina.

6. At all times material to this action, ROLLINS RANCHES, LLC was a Foreign Limited Liability Company. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, specifically, in Okeechobee County, Florida.

7. At all times material to this action, ROLLINS RANCHES, LLC operated a hunting operation on a wildlife preserve known as Yeehaw Plantation.

8. At all times material to this action, ROLLINS RANCHES, LLC operated a kennel for hunting dogs known as British Gundogs, LLC, on Yeehaw Plantation.

9. At least as of the filing of this Complaint, British Gundogs, LLC, and ROLLINS RANCHES, LLC, share the telephone number (772) 567-9001.

10. At least as of the filing of this complaint Defendant is on notice that documents related to Yeehaw Plantation and British Gundogs, including but not limited to webpages and social media pages related to ROLLINS RANCHES, LLC (http://www.rollinsranches.net), Yeehaw Plantation (http://www.rollinsranches.net/home/WildLifes.aspx), and British Gundogs, LLC (https://www.british-gundogs.com), are relevant evidence which may be used in this Action, and this complaint puts Defendant on notice that these documents should be preserved in their current form.

11. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

12. At all times material to this action, Defendant was Plaintiff's "employer"

2

within the meaning of the FLSA.

13. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, computers, and vehicles manufactured outside the state of Florida.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

18. On or about August 14, 2015, Defendant hired Plaintiff to work in the kennels, with the horses used in hunts, on the hunts themselves, and in the office doing paperwork.

19. Plaintiff's job duties included, but were not limited to, and training dogs and horses used in hunts, doing office paperwork and taking part in the hunts.

20. All of Plaintiff's work was performed at, and in furtherance of, Defendants' hunting operation at Yeehaw Plantation, a hunting preserve.

21. Yeehaw Plantation is home to 6,500 acres of private quail hunting, where old-fashioned hunts are guided throughout the quail hunting season.

3

22. In each week of her employment, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

23. From at least August 14, 2015, through December 2, 2016, Defendant failed to pay Plaintiff at the applicable minimum wage for all hours worked, including her overtime hours.

24. In fact, Defendant never paid Plaintiff at all for her work.

25. Defendant had knowledge of the work Plaintiff did for Defendant.

26. There are photographs and videos of Plaintiff performing work for Defendant on British Gundogs' Facebook page.

27. Plaintiff should be compensated at least the applicable minimum wage for all hours worked.

28. From at least August 14, 2015, through December 2, 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times the lowest lawful regular rate for all hours worked in excess of forty (40) hours in a single workweek.

29. Plaintiff should be compensated at the rate of one and one-half times the lowest lawful regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

30. Defendant has violated Title 29 U.S.C. §§206 and 207 from at least August 14, 2015, through December 2, 2016, in that:

   a. Defendant has failed to pay Plaintiff proper minimum wage for all her hours worked for Defendant as required by the FLSA; and

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate at the statutory minimum wage

for each hour worked as provided by the FLSA.

c. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant; and

d. No payments or provisions for payment have been made by Defendant to compensate Plaintiff at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

e. Defendant failed to maintain accurate time records with respect to Plaintiff's work for Defendant, as required by the FLSA.

31. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew, or reasonably should have known of their obligation to pay plaintiff minimum wage and overtime for her work, but instead chose not to pay Plaintiff at all for **any** of her hours worked.

32. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## RECOVERY OF MINIMIM WAGE COMPENSATION

33. Plaintiff re-alleges paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendant.

35. In each week between August 14, 2015, and December 2, 2016, Defendant failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendant.

36. As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage for all hours worked during her employment with Defendant.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidence by their failure to compensate Plaintiff at the lawful minimum wage, or, in fact, at all, when they knew, or should have known, that payment of at least the minimum wage was due.

38. Defendant failed to properly disclose or appraise Plaintiff of Plaintiff's rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and loss of minimum wages for one or more workweeks of work contrary to 29 U.S.C. §206.

40. As directed and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wage for one or more weeks of work with Defendant, plus liquidated damages.

41. Plaintiff is entitles to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff re-alleges paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

43. From at least August 14, 2015, through December 2, 2016, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate.

44. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek in the three years preceding the date of the filing of the Complaint in this matter.

45. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

47. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendant for actual and liquidated damages; (b) a declaration that Defendant's conduct violated the FLSA; and (c) costs, expenses, attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 31st day of May, 2017.

Angeli Murthy, Esq.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*